UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE ALLEN HURICK,

        Plaintiff,                      Case No. 1:13-cv-61

v.                                          Honorable Gordon J. Quist

MARY K. BERGHUIS et al.,

        Defendants.
_____/

## **OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Berghuis, Jones, Baily, and Minnerick. The Court will serve the amended complaint against Defendants Boisvert, Harris, and Verboncouer.

      Also before the Court are six motions filed by Plaintiff. For the reasons stated herein, the Court will grant Plaintiff's motions to amend and/or correct the complaint, but the other four motions will be denied.

**Background**

Plaintiff Dale Allen Hurick is incarcerated by the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF). In his initial complaint (docket #1), filed on or around December 12, 2012, Plaintiff names the following current/former employees of LRF as Defendants: Warden Mary K. Berghuis, Deputy Warden James D. Verboncouer, Grievance Coordinator J. Minnerick, Corrections Officer/Substitute Grievance Coordinator M. Baily, Assistant Resident Unit Supervisor (ARUS) James Jones, and Mailroom Representative/Supervisor D. Boisvert.

**Motions**

1. Motion to Amend the Complaint

After filing his original complaint, Plaintiff filed a motion to amend his complaint (docket #11) and then an "amended complaint" (docket #12), in which he also names LRF Librarian (unknown) Harris as a Defendant, but does not name Defendants Minnerick, Baily, Jones, or Boisvert. Plaintiff may amend his complaint once as a matter of course. *See* Fed. R. Civ. P. 15. Thus, Plaintiff's motion to amend the complaint will be granted. Although an amended complaint typically replaces the original, Plaintiff apparently intended his amended complaint to *supplement* the original. Thus, the Court deems the allegations and defendants in both versions of the complaint to be part of the amended complaint in this action.

2. Motion to Correct the Amended Complaint

After Plaintiff filed his proposed amended complaint, the Court inadvertently entered a notation on its docket sheet that the Defendants not named in the amended complaint (Defendants Minnerick, Baily, and Jones) had been dismissed from the action. Plaintiff then filed a letter/statement asserting that those Defendants should remain part of the action; the Court has docketed this letter as a motion to amend or correct the amended complaint (docket #15). Plaintiff's

motion will be granted. As indicated, *supra*, the Court will construe both versions of the complaint to be part of his amended complaint; thus, Defendants Minnerick, Baily, and Jones will remain in the action as Defendants, subject to dismissal in connection with the Court's review under the PLRA.

### 3. Motion for Injunctive Relief

Another motion (docket #9) requests an order requiring the MDOC to return money to him without deducting funds from his account to pay court filing fees. Plaintiff asserts that he worked a prison job for six months without pay. When he confronted the LRF business office about the lack of pay, he was issued $217.00 in back pay, but the MDOC withheld a portion of that amount to satisfy a debt owed by Plaintiff for state-court filing fees.[1] Later, MDOC officials made him return his pay, claiming that he never worked. Plaintiff contends that the MDOC should have given him his pay without deducting filing fees. The MDOC also charged him a $10.00 fee when it wrongfully rejected a television that he had ordered. Based on the foregoing, Plaintiff contends that the MDOC "misappropriated" his funds. (Mot., docket #9, Page ID#33; Am. Compl., docket #12, Page ID#44.) Plaintiff asserts that he is entitled to the full $227.00, without deduction to pay the $10.00 fee or to pay outstanding court filing fees.

The Court construes Plaintiff's motion as a request for preliminary relief on a claim that MDOC officials have wrongfully taken or withheld his money. A preliminary injunction is an extraordinary remedy. *See Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* Fed. R. Civ. P. 65. Because it is an extraordinary remedy, such relief is granted only where movant carries his burden of proving that the circumstances clearly demand it.

---

[1] Each month, the MDOC deducts 20% of Plaintiff's income over $10.00 to pay federal-court filing fees owed by Plaintiff, in accordance with 28 U.S.C. § 1915(b)(2). According to Plaintiff, the MDOC also deducts 50% of income over $50.00 to pay for outstanding state-court filing fees.

*Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In evaluating a request for preliminary injunctive relief, the Court must consider four factors:

> (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). None of the foregoing factors weighs in favor of granting the extraordinary relief that Plaintiff requests.

First, Plaintiff has not shown a strong likelihood of success on the merits of his misappropriation-of-funds claim. At this stage, it appears unlikely that he would be successful. Plaintiff ostensibly relies on § 1983 as the basis for relief for his claim, but he has not stated a violation of his constitutional rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (noting that the "first step" in a § 1983 claim is to "identify the specific constitutional right allegedly infringed"). Plaintiff does not have a constitutional right to delay satisfaction of debts owed to a state or federal court when he has funds to pay them. Indeed, the Sixth Circuit has specifically upheld the constitutionality of the payment requirements in 28 U.S.C. § 1915, *see Hampton v. Hobbs*, 106 F.3d 1281, 1284-89 (6th Cir. 1997), and it is unlikely that similar requirements for payment of state-court filing fees would be found unconstitutional. Nor does Plaintiff have a constitutional right to avoid payment of fees to the MDOC.[2]

In addition, Plaintiff has not shown that an injunction is necessary to prevent irreparable harm, or that the public interest would be served by granting the extraordinary relief that

---

[2] Plaintiff has a constitutional right not to have his property taken without due process, but he does not complain about a lack of process. Moreover, a due process claim would likely be barred by the doctrine in *Parratt v. Taylor*, 451 U.S. 527 (1981). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. Where *Parratt* applies, the plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995). Plaintiff does not allege that post-deprivation remedies are inadequate.

Plaintiff requests. For the foregoing reasons, therefore, the Court will deny Plaintiff's motion for relief.

### 4. Motion for Reconsideration

Plaintiff also seeks reconsideration of the Court's order that he pay the filing fee for this action as funds become available, in accordance with 28 U.S.C. § 1915(b)(1). Plaintiff contends that he "desperately" needs the money because "[t]rying to survive" on the money that he has is "complicated." (Mot., docket #10, Page ID#36.)

Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a correction thereof." *Id.*

The Court finds no error in its decision to order Plaintiff to pay an initial partial filing fee of $6.89, and then to pay the remainder of the filing fee in installments, in accordance with 28 U.S.C. § 1915(b). Plaintiff does not contend that he lacked sufficient funds to pay the initial partial filing fee, and the Court does not have discretion to exempt him from the payment requirements in § 1915(b). *See* 28 U.S.C. § 1915(b)(2) (requiring prisoners proceeding *in forma pauperis* to pay the filing fee through monthly payments of 20% of their income for the preceding month, if the amount in their prison account exceeds $10.00). While those requirements do impose an economic burden on indigent prisoners like Plaintiff, the Sixth Circuit has concluded that the burden is "slight" because prisoners' living necessities are already provided to them at government expense, and the amount that they are required to pay at any given time constitutes only a fraction of their assets.

*Hampton*, 106 F.3d at 1285. Nothing in Plaintiff's motion indicates that the burden is any different in his case. Consequently, reconsideration will be denied.

### 5. Motion to Establish a Case Management Order

Next, Plaintiff asks the Court to enter a case management order with terms befitting his status as a *pro se* prisoner (docket #16). Plaintiff's motion will be denied. The Court will enter an appropriate case management order as necessary, after it has reviewed the complaint and the proper Defendants have been served.

### 6. Motion for Appointment of Counsel

Another motion (docket #17) requests appointment of counsel for Plaintiff. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606.

The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Thus, Plaintiff's request for appointment of counsel also will be denied.

**Factual Allegations**

In his complaint, Plaintiff alleges that Mailroom Representative Boisvert "initiated the 'obstruction of justice' by illegally [and] unlawfully rejecting [Plaintiff's] 6.500 motion when mailed in on 5-22-12." (Compl., docket #1, Page ID#5.) Plaintiff asserts that Defendants Berghuis,

Verboncouer, Jones, Minnerick, and Baily "have the authority to cure, and had the authority to cure" the foregoing conduct, but they did not do so. (*Id.,* Page ID##5, 7.)

Plaintiff also complains that prison officials have retaliated against him for filing the instant action. Since he initially filed this action on December 12, 2012, Defendants Harris and Verboncouer have continually prevented him from receiving a "familiar accommodation" to his callout schedule, which allowed him to use the law library from 12:45 p.m. to 2:15 p.m. on weekdays. (*Id.*) Plaintiff is assigned to a work detail from 2:30 pm to 9:30 pm, Monday through Friday, and his visitation hours are on weekends. Without the accommodation to his schedule, Plaintiff must give up his work hours or his visitation time in order to use the law library. Plaintiff contends that Warden Berghuis has allowed the actions by Harris and Verboncouer.

In addition, on December 18, 2012, Officer Bertram (who is not a Defendant in this action), searched Plaintiff's cell and confiscated legal property belonging to another inmate. On December 23, 2012, Boisvert destroyed Plaintiff's "personal property and private privileged document(s) (plaintiff's 6.500 Motion)." (Am. Compl., docket #12, Page ID#43.) On January 12 and 31, 2013, MDOC officers who are not Defendants in this action wrote "frivolous" misconduct tickets on Plaintiff. (*Id.*, Page ID#44.) On January 28, 2013, the LRF business office "misappropriated" funds from his account. (*Id.*)[3]

Based on the foregoing, Plaintiff claims that Defendants' actions constituted a violation of the following: Plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; federal law (specifically, 18 U.S.C. §§ 241, 242, 1505, 1512, 1702, 2071); state law; and MDOC policies.

---

[3] Plaintiff's motions (docket ##9, 10) and a letter that he sent to the Court (docket #14) provide some additional facts that are not in the amended complaint regarding conduct by the LRF business office and by other prison officials who are not Defendants in this action. The foregoing documents do not substantially add to the allegations against Defendants. Consequently, they are largely irrelevant for determining whether Plaintiff states a claim against them.

As relief, Plaintiff seeks an injunction to enforce his rights, damages, and reimbursement of his costs in bringing this action.

**Discussion**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v.*

*Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271.

### A. Defendants Berghuis, Jones, Baily, Minnerick

Plaintiff fails to make specific factual allegations against Defendants Berghuis, Jones, Baily, and Minnerick, other than that they had the authority to correct the conduct of other prison officials, but failed to do so. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Berghuis, Jones, Baily, and Minnerick engaged in any active unconstitutional behavior.

Even if Defendants' actions violated state law or prison policy, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). In addition, an alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.

*Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992) Accordingly, Plaintiff fails to state a § 1983 claim against Defendants Berghuis, Jones, Baily, and Minnerick.

The other federal laws cited by Plaintiff, which come from Title 18 of the United States Code, define various criminal offenses. *See, e.g.,* 18 U.S.C. § 241 (making it a crime to conspire to "injure, oppress, threaten, or intimidate" a person in the exercise of their rights under the Constitution or federal law); 18 U.S.C. § 242 (making it a crime for a state official to act willfully and under color of law to deprive a person of rights protected by the Constitution); 18 U.S.C. § 1505 (making it a crime to intentionally obstruct compliance with the Antitrust Civil Process Act or to intentionally obstruct proceedings before any department or agency of the United States). Those laws do not provide for an independent cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the district court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under those criminal statutes). Moreover, Plaintiff cannot compel the enforcement of criminal statutes against Defendants. As a private citizen, Plaintiff "'lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Diamond v. Charles*, 476 U.S. 54, 63 (1986) (quoting *Linda R.S. v. Richard D.*, 410 U. S. 614, 619 (1973)). The Court discerns no other basis for a claim against Defendants apart from § 1983. Because Plaintiff does not state a § 1983 claim against Defendants Berghuis, Jones, Baily, and Minnerick, they will be dismissed.[4]

---

[4] Even if Plaintiff had asserted a claim under state law against Defendants Berghuis, Jones, Baily, and Minnerick, the Court would decline to exercise supplemental jurisdiction over such a claim. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

### B. Defendants Boisvert, Harris, Verboncouer

Upon review, the Court concludes that Plaintiff's allegations against Defendants Boisvert, Harris, and Verboncouer are sufficient to warrant service of the complaint on them.

### Conclusion

Plaintiff's motions to amend or correct the complaint (docket ##11, 15) will be granted. The "amended complaint" (docket #12) will supplement the original (docket #1). Plaintiff's other motions (docket ##9, 10, 16, 17) will be denied. After conducting a review of the amended complaint as required by the PLRA, the Court determines that Defendants Berghuis, Jones, Baily, and Minnerick will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will allow service of the amended complaint (docket ##1, 12) on Defendants Boisvert, Harris, and Verboncouer.

An Order consistent with this Opinion will be entered.


Dated: June 17, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE