UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE ALLEN HURICK,

    Plaintiff,

v.                                                        Case No. 1:13-CV-61

MARY K. BERGHUIS, et al.,                  HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Dale Allen Hurick, has filed Objections to Magistrate Judge Hugh W. Brenneman's February 11, 2014 Report and Recommendation (R & R), which recommends that the Court grant Defendants Verboncouer's, Boisvert's and Harris's motion for summary judgment and dismiss Plaintiff's complaint. More specifically, the magistrate judge concluded that: (1) Plaintiff failed to exhaust his claim against Defendant Boisvert for destroying his M.C.R. 6.500 motion (R & R at 8–9); (2) Plaintiff failed to properly exhaust his retaliation claims—occurring after Plaintiff filed the instant lawsuit—against Defendants Harris and Verboncouer (*id.* at 9); (3) Plaintiff's First Amendment claim against Defendant Boisvert for interference with Plaintiff's incoming mail fails as a matter of law because the mail did not meet the definition of "legal mail" and Defendant Boisvert could properly reject Plaintiff's mail under applicable Michigan Department of Corrections (MDOC) policies (*id.* at 15–16); (4) Plaintiff failed to present evidence of an actual injury for purposes of his access to the courts claim (*id.* at 16–17); and (5) Plaintiff's other federal claims against Defendant Boisvert under federal criminal statutes fail as a matter of law (*id.* at 17).

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, and concludes that the R & R should be adopted and Plaintiff's Objections should be overruled.

***Failure to Exhaust***

Plaintiff contends that the magistrate judge erred in concluding that Plaintiff failed to exhaust his administrative remedies because Plaintiff "compl[ied] with the 'spirit and purpose' of the administrative exhaustion rule." (Pl.'s Objections at 3.) However, Plaintiff fails to show that the magistrate erred in concluding that Plaintiff failed to properly exhaust. Regarding grievance LRF 12-06-0813-07a, the magistrate judge concluded that this grievance failed to exhaust Plaintiff's claim that Defendant Boisvert destroyed his MCR 6.500 motion on December 23, 2012.[1] Plaintiff has not pointed to any evidence to refute this conclusion. The grievances Plaintiff cites, attached to his response to Defendants' motion as Exhibits G, H, and I (dkt. # 28-4 at Page ID 198–203) concern other events involving Defendants Harris and Verboncouer. Moreover, contrary to Plaintiff's assertion, Defendant Boisvert's withholding of Plaintiff's legal mail and her alleged destruction of it several months later are two different actions requiring separate grievances.

As to the retaliation claims against Defendants Harris and Verboncouer, the magistrate judge concluded that the grievances Plaintiff claimed to have filed against Defendants Harris and Verboncouer on November 29, 2012 for acts that occurred several days earlier were insufficient to show exhaustion of the retaliation claims actually at issue in this case against Defendants Harris and Verboncouer, which occurred on and after December 12, 2012. Although Plaintiff states that "he

---

[1] The magistrate judge concluded that Defendants could not rely on grievance LRF-11-12-2087-01d to establish lack of exhaustion because Defendants provided no pertinent information about the grievance, such as the claims it encompassed. (R & R at 7.)

2

did everything in his power to exhaust all available administrative remedies on defendants Verboncouer and Harris," (Pl.'s Objection at 5), Plaintiff fails to show that he attempted to exhaust with regard to the alleged retaliatory conduct at issue in this case that occurred on and after December 12, 2012.

*First Amendment Claim Against Defendant Boisvert*

In his Objection, Plaintiff contends that it is irrelevant whether or not his incoming mail was regular mail or legal mail because, regardless of its nature, Plaintiff had a First Amendment right to receive his mail and Defendant Boisvert had no authority to withhold it. *See Merriweather v. Zamora*, 569 F.3d 407, 416 (6th Cir. 2009) (stating that "prisoners have some First Amendment rights in receiving mail" (internal quotation marks omitted)). However, the Court concurs with the magistrate judge's conclusion that Plaintiff fails to show that Defendant Boisvert violated his First Amendment rights. It is undisputed that the envelope at issue did not meet the MDOC's definition of "legal mail" because it was not marked as such, and the envelope lacked a return address indicating that it was from a recognized legal source. *See* MDOC Policy Directive 05.03.18 ¶ H.

In addition, the Court concludes that the magistrate judge did not err in concluding that Defendant Boisvert did not violate Plaintiff's constitutional rights by rejecting the package because it was too voluminous to search. As the Court noted in its March 17, 2014 Order Directing Submission of Evidence (dkt. # 37), the Court disagrees with the magistrate judge that MDOC Policy Directive 05.03.118 ¶¶ BB applies in this particular situation. Nonetheless, having reviewed a copy of the May 15, 2008 memorandum that Defendant Boisvert relied on in issuing the May 22, 2012 Notice of Package/Mail Rejection to Plaintiff,[2] the Court concludes that the policy set forth

---

[2] The Court notes that the May 15, 2008 memorandum is actually an email from Norma R. Killough that the Earnest C. Brooks Correctional Facility has apparently adopted as an internal policy. (Dkt. # 38-2 at Page ID 273.)

in the memorandum authorizing rejection of voluminous packages of mail due to inability to effectively search them is reasonably related to the prison's interests of maintaining the good order and security of the facility. Moreover, as the magistrate judge observed, Plaintiff was not totally denied access to his mail, as Plaintiff was given the opportunity to return the approximately two-inch-thick package of mail to its sender and have it re-sent to him in smaller packages. (R & R at 16.)[3]

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 11, 2014 (dkt. # 34) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (dkt # 27) is **GRANTED**.

A separate judgment will issue.

This case is **concluded**.

Dated: March 26, 2014  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does not present any specific objections regarding his access to the courts and other claims that the magistrate judge recommended be dismissed.